Mathews, J.
delivered the opinion of the court. In this case Harriet Pannel, widow of the late A. W. Pannel, renounced her right to the acquets of the marriage community, and claims *356 a privilege, on her husband’s estate, to be reimbursed the amount of her paraphernal effects, disposed of and alienated by him during the marriage. His succession has been administered as vacant; and is, consequently, to be proceeded in according to the law, which lays down the rules by which the conduct of curators of this species of estates is to be directed. A curator of a vacant estate, cannot pay its debts without the authorization of the parish judge, by whom he has been appointed ; and such authorization is necessary, even in case there is money enough in hands to discharge all claims on the estate; but should there not be sufficient property to satisfy all demands, it becomes the duty of the judge, to establish the rank in which the creditors shall recover their payment, according to their privileges and mortgages.
West'n District.
Sept. 1822.
In the present case, the parish judge ordered payment to be made to H. Pannel, of 25,000 dollars, as a privileged debt on her husband’s succession, for her hereditary and paraphernal property, sold and disposed of by him, during the marriage. From this decree the present appellees, who are admitted to be creditors of the deceased, prayed *357 and obtained an appeal to the district court; which reversed the decision of the parish judge, so far as it accorded a privilege for or 19,800 dollars, part of the 25,000; and from this last judgment, Mrs. Pannel appealed.
The evidence of the case does not show, whether the estate of A. W. Pannel is sufficient to satisfy all demands against it; neither does the judgment of the parish judge contain a general classification of its debts, which is required in case of insufficiency ; which renders doubtful the right of appeal, by the original appellants to the district court. But, as an order to pay with privilege, such as was granted to the present appellant, might have worked to them an irreparable injury, we are of opinion, that the appeal to the district was properly allowed ; especially, as it gave a trial de novo in the higher court.
In examining the judgment of the district court, and the whole evidence in the cause, we are unable to discover on what principles of law, a distinction is made between the 6200 dollars, for which privilege is allowed, and the 19,800, for which it is denied. It appears to us, that if the claims of the appellant were supported by evidence, and all founded *358 on the same basis, or consideration, viz. the sale, alienation and appropriation of the funds arising from, and making a part of, the extra-dotal and paraphernal effects of the wife, the same rules of law must be applicable to all, as constituting the total amount claimed by the appellant.
Bullard for the plaintiffs, Mills and Thomas for the defendants.
But the evidence of her claim, for the price of the land in Arkansas, sold by the intestate, is so vague and unsatisfactory as to her title in said lands, that this court feel unwilling to pass finally on her rights; and believing that the justice of the case requires the cause to be remanded for a new trial,
It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed, and annulled. And it is further ordered, that this cause be remanded to said court, for a new trial; and that the costs be paid out of the estate of A. W. Pannel.